JOHN KOLASEN *vs*. THE GREAT NORTHERN PAPER COMPANY.

Somerset.    Opinion February 4, 1916.

*Contributory Negligence.    Nonsuit.   ·   To what degree must servant or employee appreciate the dangers of his work to be guilty of contributory negligence.*

It is a well established rule in this State that a motion for a nonsuit will not be granted when there is any evidence in the case, competent to be submitted to the jury, tending to show the liability of the defendant.

Action on the case for injuries received by plaintiff while employed as a painter by the defendant corporation in its mill at Madison, Maine. The printed record tends to show that the plaintiff had worked about this mill in different capacities for a period of two or three years; that he had worked around different machines in said mill; that he was engaged with three other men painting the ceiling of the room in which he was injured, in which room was a shaft on which was a collar held in place by a set screw. This piece of machinery revolved with great rapidity when in operation. The plaintiff was working in close proximity to the set screw when his clothing was caught and he received the injuries complained of in his writ. The printed record further tends to show that the set screw was within a few inches of where the plaintiff was working; that this room was poorly lighted, especially in the early hours of

the morning and that the plaintiff had no knowledge of the set screw.

At the close of the testimony on behalf of the plaintiff, counsel for defendant moved that a non suit be granted. Motion was granted pro forma and exceptions were noted for the plaintiff. Exceptions sustained.

Case stated in opinion.

*S. W. Gould and Maurice P. Merrill,* for plaintiff.

*Newell & Woodside, and White & Carter,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J.   This is an action on the case to recover damages for personal injuries received by the plaintiff while employed as a painter by the defendant corporation in its mill, and comes before this court on the plaintiff's exceptions to a non suit ordered pro forma at the close of the plaintiff's evidence.

It is a well established rule in this State that a motion for a non suit will not be granted when there is any evidence in the case, competent to be submitted to the jury, tending to show the liability of the defendant. *Union Slate Company* v. *Tilton,* 69 Maine, 244.

Briefly stated, the plaintiff's contentions are these. At the time of the accident he was only a little more than twenty years of age, a native of Austria Hungary, had been in this country about four years and during those years had worked as a common laborer. On the day of the accident he was engaged with three other men in painting the ceiling of the mill. The crew arranged their own staging which was suspended by ropes attached to iron girders near the ceiling. The room in which the work was being done was slightly more than one hundred eighty feet long and seventy-three feet wide. The southerly end of the room contained partitions making what was called an alcove at the trial. Along the westerly side of the alcove was a shaft located two feet from the ceiling and a foot and eleven inches from the westerly partition of the alcove. On this shaft, which revolved with great rapidity when the machinery of the mill was in operation, was a collar held in place by a set screw projecting three-fourths of an inch from the collar. It was

claimed that this collar was not an essential part of the machinery at the time of the accident but had remained unused upon the shaft for more than five years. The testimony tends to show that the portion of the mill included within the alcove was poorly lighted, especially in the early hours of a winter morning. The accident occurred February sixteenth and the lack of sufficient light that morning prevented the painting crew from beginning their tasks until after the regular hour for starting the machinery and commencing labor in the other mill work. The plaintiff had no knowledge of the fact that the set screw was protruding from the collar, and when the shaft was revolving rapidly, as it was before he reached the scene of the accident, he could not discern its presence, especially in the dimly lighted alcove. In performing some portion of his work, while in close proximity to the revolving shaft, his clothing was caught by the set screw and he was thrown violently around the shaft, receiving very severe injuries. He says he received no warning as to the danger he might encounter in the place where he was to work, had no knowledge of it, and could not discover it by the use of ordinary care under the conditions as they then and there existed. He also introduced evidence which he claimed would establish his own due care.

Under all the evidence, which we have carefully examined, and under rules of law too familiar to need citation of authorities, we are of opinion that the facts relating to the question of liability of the defendant should have been submitted to the jury.

*Exceptions sustained.*